■ In the Matter of LEAMON A. GREENE, Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in St. Lawrence County) to review a determination of the Department of Motor Vehicles which revoked petition-

er's automobile operator's license. In the late morning hours of March 14, 1974, petitioner lost control of his car, went off the road, through a few guard rails and down into a ditch. There was no other car involved. A witness who arrived at the scene immediately thereafter described the petitioner as "dazed a little" and stated the petitioner told him that he "hit a dip in the road and lost control of it". The witness further testified that he could not tell whether the petitioner had been drinking. Although the damage to the petitioner's vehicle amounted to $625, most of the damage was underneath the vehicle and not apparent. The witness subsequently drove petitioner to a garage to arrange for the towing of the vehicle and then took petitioner home. Two and one half hours later the petitioner notified the Sheriff of the accident in question. After a motor vehicle hearing, the referee found that the petitioner left the scene of the accident, failed to report the accident to the Commissioner of Motor Vehicles, and further found that "there are reasonable grounds to believe that Mr. Greene may have a disability by reason of intoxication although there is no immediate current sign of that disability". Petitioner's license was revoked for not reporting the accident as "soon as physically able" to the nearest police station (Vehicle & Traffic Law, § 600). The commissioner, upon recommendation of the Administrative Appeal Board, affirmed the referee. The issue before this court is whether or not there is substantial evidence to support the determination of the commissioner. A reviewing court cannot substitute its judgment for that of the administrative tribunal provided there is substantial evidence to support the determination, but the findings of the agency must be viewed in light of the record as a whole (Matter of McCormack v National City Bank of N. Y., 303 NY 5). With no one at the scene of the accident to whom he could report, and with the only visible damage being a few guard rails, and with petitioner being "dazed and shaken", we hold that under the facts and circumstances of the case a two and one half hour delay in reporting the accident did not constitute a violation of the statute. A person must have a reasonable time within which to report an accident bearing in mind the prevailing circumstances. The section in question is obviously designed to prohibit negligent drivers from evading civil or criminal consequences by leaving the scene before their identity may be established. No such situation exists in the instant case. The petitioner driver acted within a reasonable time and reported the accident to the Sheriff and thus did not violate the statute in question. In view of our holding, it is unnecessary to determine the other issues raised herein. Petition granted, and determination annulled, without costs. Greenblott, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.